NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIACOMO NOVIELLI,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL CENTER, et al,<br><br>Defendants. | Civil Action No. 10-cv-2830<br><br>OPINION |

JOSE L. LINARES, U.S.D.J.

This matter comes before the Court upon motion by Defendants, including Hudson County Correctional Center, for summary judgment (the "Motion" or "Motion for Summary Judgment"). (ECF No. 92). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the Parties' submissions, and for the reasons stated below, Defendants' Motion for Summary Judgment, (ECF No. 92), is **DENIED**.

I. BACKGROUND

A. Undisputed Facts

This action arises from alleged discriminatory conduct related to Plaintiff's employment termination. Plaintiff, Giacomo Novielli (hereinafter "Mr. Novielli") was employed as a corrections officer for the County of Hudson in 1997. (Statement of Material Facts, ("SOMF"), ECF No. 92, ¶1). Mr. Novielli is a white male of Italian origin. (Pl.'s SOMF, ECF No. 94-2, ¶32). On or about January 3, 2005, Plaintiff received a warning from his employer about having

1

exhausted all of his sick time in 2004 and about his being chronically absent from work. (Id. ¶2). This warning required Plaintiff to bring a doctor's note for each sick day or absence in the future. (Id. ¶3). For the calendar year 2005, Plaintiff accumulated 15 sick days, thereby exhausting his maximum amount of sick days on or about February 8, 2005. (Id. ¶¶4-5). From February 9, 2005 until February 23, 2005, Plaintiff missed an additional 11 consecutive days of work. (Id. ¶6). As a result, Plaintiff was charged with chronic or excessive absenteeism, insubordination, conduct unbecoming a public employee, neglect of duty, and resignation not in good standing based upon an abandonment of his position pursuant to N.J.A.C. 4A:2-2.3 and N.J.A.C. 4A:2-6.2. (Id. ¶8).

On June 13, 2005, a departmental hearing was held and the charge of resignation not in good standing was sustained. (Id. ¶9). Thus, Plaintiff was terminated. (Id.). Plaintiff appealed his termination to the Office of Administrative Law which upheld his resignation not in good standing on May 7, 2007. (Id. ¶10). Plaintiff then appealed the decision of the Office of Administrative Law to the Merit Systems Board which upheld the Office of Administrative Law's decision on June 25, 2007. (Id. ¶11). As a result, Plaintiff filed this action by way of a one count complaint on or about June 3, 2010. (Id. ¶12). While this original complaint was dismissed, Plaintiff was permitted to file an amended complaint, which he filed February 2, 2011 alleging a deprivation of rights under 42 U.S.C. Section 1981. (Id. ¶14).

Defendants filed a Motion to Dismiss in lieu of filing an answer on April 5, 2012. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss the Amended Complaint claiming Plaintiff had exceeded the four year statute of limitations for Section 1981 causes of action. (Id. ¶16). This is because Plaintiff was terminated on July 8, 2005 and did not file his complaint until nearly five years later, therefore the filing was outside of the four year statute of limitations. (Id.). Plaintiff opposed the Motion to Dismiss by arguing that Defendants' alleged

discrimination was ongoing, and therefore the Continuous Violation Doctrine prevents Plaintiff's claims from being time-barred. (Brief, ECF No. 28 at 6). Both Plaintiff and Defendants conceded that the applicable statute of limitations is four years.

Keeping in mind that on a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party," this Court denied Defendants' Motion to Dismiss finding that "Plaintiff has affirmatively plead additional acts by Defendant that give rise to an inference of continued discrimination." (Opinion/Order, ECF No. 34 at 1, 4) *quoting* Phillips v. County of Allegheny, 515 F.3d 224, 234, (3d Cir. 2008). Specifically, Plaintiff alleged in the Amended Complaint that Defendants' counsel, Daniel Sexton, directed Defendants' employees not to appear at the Office of Administrate Law hearing that Plaintiff initiated regarding his suspension and termination. (Opinion/Order, ECF No. 34 at 4). Therefore this Court found that accepting the allegations of Plaintiff's Amended Complaint as true, Defendants' failure to produce witnesses at his hearing was in furtherance of their retaliatory and discriminatory conduct, so the last discriminatory act was not the date of Plaintiff's termination but rather the acts committed by Defendants in March of 2007 and Defendants' Motion must be denied. (Id.).

Defendants now essentially renews this Motion to Dismiss only formulates it as a Motion for Summary Judgment, claiming there are no facts to support Plaintiff's claim of *continued* discrimination and this case must be dismissed as exceeding the four year statute of limitations. Additionally, Defendants claim Plaintiff has failed to establish a prima facie case under §1981. Plaintiff, in response, alleges a number of disputed facts relevant to Defendants' current Motion for Summary Judgment.

3

## B. Disputed Facts

The Office of Administrative Law hearing which resulted in Plaintiff's ultimate termination is hotly disputed by the Parties. This is because the Parties agree that if Plaintiff did not continue to be discriminated against during these hearings, the statute of limitations bars Plaintiff's claims and this case should be dismissed. The continued discrimination at issue stems from the alleged actions of Daniel Sexton, who represented Defendants at the Office of Administrative Law hearing. According to Plaintiff, Daniel Sexton directed Defendants' employees not to appear at this hearing. Plaintiff served one employee, Michael Prins (hereinafter "Mr. Prins") with a subpoena to attend the hearing, at which, he appeared and testified. (SOMF, ¶22). However, by way of certification, Mr. Prins states that Daniel Sexton told him that "if [he] received a subpoena from anyone compelling [him] to attend Novielli's hearing that it was not a legal document, and that [he] should not honor it." (Cert., ECF No. 95-1, ¶4). Additionally, Mr. Prins certified that Daniel Sexton told him "not to attend the hearing." (Id.). Upon receipt of the subpoena to attend the hearing, Mr. Prins states he "decided to ignore Sexton's advice and honored the subpoena as a legal document and attended the hearing." (Id. ¶5). Plaintiff also claims that despite valid service, the following witnesses did not appear at the Office of Administrative Law hearing: Joan Lane, Juan Tyminski, Director Oscar Aviles, Stevette Scott, Lt. Nalls, Joe Montanez, and Jessie Brown. (Pl's SOMF, ¶28). Defendants argue that these witnesses were never even served with subpoenas. (SOMF, ¶24).

While the facts surrounding the Office of Administrative Law hearing are relevant to the statute of limitations, Defendants also seek summary judgment claiming Plaintiff has failed to establish a prima facie case for employment discrimination, particularly in light of the fact that he is not a member of a protected class. In response, Plaintiff explains this action arises out of *reverse*

4

discrimination. In furtherance of this claim, Plaintiff provided the Court with records from Defendant, Hudson County Correctional, indicating that lesser consequences for accumulated absences were given to African American officers. (*See* Pl. Br., ECF No. 94-1 at 15-18). Armed with the material facts of this case, the Court applies the summary judgment standard.

## II. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1273 (Fed. Cir. 2010). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, if a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-243 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). With this framework in mind, the Court turns now to Defendants' Motion.

## III. DISCUSSION

### A. Statute of Limitations

As previously indicated, the Parties do not dispute that a four year statute of limitations applies in this case. The Parties also do not dispute that if a genuine issue does not exist as to the fact that—through the instructions of Daniel Sexton—Plaintiff continued to be discriminated against

5

at the Office of Administrative Law hearing, Plaintiff's case must be dismissed. Thus, the issue before the Court is whether Plaintiff "[has done] more than simply show that there is some metaphysical doubt as to the material facts" of continued discrimination in this case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In light of the certification submitted by Michael Prins, Plaintiff's explanation that many of the other witnesses served to appear at the hearing were ordered not to appear as they were still employed by Defendant, Hudson County Correctional, and the fact that these witnesses did not appear, a genuine issue to be decided by the jury is present, which the Court will not decide at this juncture.

Indeed, Plaintiff provided the Court with copies of the subpoenas issued by his counsel at the time for witnesses (i.e. employees of Defendant) to appear at the hearing beginning March 6, 2007. Plaintiff also included each Certification of Service for said subpoenas. (*See* ECF No. 94-3). However, it is undisputed that of the eight employees served, only Michael Prins appeared for the Office of Administrative Law hearing, and according to Mr. Prins, he did so while disregarding Daniel Sexton's instruction not to appear. While Mr. Sexton denies directing Mr. Prins not to appear, this is a material fact which can only therefore be resolved upon a credibility determination by the jury. The Court therefore cannot award summary judgment in this regard as a reasonable jury could find continued discriminatory conduct by Mr. Sexton.

### B. *Prima Facie* Case for Employment Discrimination

Plaintiff contends that he has established a *prima facie* case for reverse discrimination as African American officers were given preferential treatment over Caucasian officers for offenses of similar nature or even of greater severity. (Pl.'s Br., ECF No. 94-1 at 9). Curiously, Defendants challenge Plaintiff's §1981 claim primarily because he is not a member of a protected class. The

6

Court dismisses this argument as inapplicable to a reverse discrimination claim. Further, at best, Defendants' purported argument that Plaintiff was treated less favorably than African American officers creates only a genuine issue of material fact in light of the attendance records submitted to the Court alluding to the contrary. The Court must therefore deny summary judgment.

Plaintiff has met his initial burden of establishing a *prima facie* case. The law provides as follows:

> It shall be unlawful employment practice for an employer-
> (1) to fail to or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2. In the typical racial discrimination case, the plaintiff must first establish a *prima facie* case of racial discrimination by demonstrating, that he belongs to a racial minority. However, the Third Circuit has held that, Title VII suits by White plaintiffs, as here, asserting "reverse discrimination" is viable even though the plaintiff is not a member of a racial minority. To establish a *prima facie* case in such a situation, the plaintiff must present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII, that is race, color, religion, sex, or national origin. *Iadimarco v. Runyon,* 190 F.3d 151, 161 (3d Cir.1999).

Plaintiff has presented the following evidence to meet his *prima facie* case. First, attendance records for the years 2007-2010 were produced by the County. The two types of leave that are at issue in this matter are categorized by the County as "Pending Approved Leave" or "PAL", and "Absent No Pay" or "ANP." Plaintiff explains that upon review of these records,

7

approximately 62[1] African American officers had extensive absences far greater than the alleged absences by Plaintiff of five days or 40 hours, many of whom are still employed with Defendants. Additionally, Plaintiff offers evidence that Defendants routinely negotiated or disposed of charges by way of "Settlement Agreements" where Defendants offer non-Caucasian officers "time served" in lieu of/or in combination with a suspension. (*See* ECF No. 95, Exs. 31-34). Plaintiff was never offered such a "Settlement Agreement." Finally, Plaintiff has stated that his "chronic absence" was no more than a pretext for his termination by a Lieutenant Tish Nalls, an African-American female, who since 2003, was "gathering evidence to sue the County for racism and demanded his termination." (Pl.'s Br., ECF No. 94-1 at 19). When viewed as a whole, and inclusive of the evidence Plaintiff and Mr. Prins set forth with regard to Defendants' statute of limitations argument, Plaintiff has submitted sufficient evidence to establish a *prima facie* case of discrimination and the burden thus shifts to the defendants to establish that his dismissal from employment was based on legitimate non-discriminatory reasons. *Geraci v. Moody-Tottrup, Int'l Inc.*, 82 F.3d 578, 580 (3d Cir.1996) (citing *McDonnell Douglas, supra* and *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Defendant easily meet this burden by claiming that it was Plaintiff's chronic absence and particular absence of five *consecutive* days.

Consequently, the burden shifts back to Plaintiff for proof that the legitimate reasons for his discharge were actually pretextual and the actual reason was discrimination. As noted above, this requires the plaintiff to point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2)

---

[1] However, Plaintiff was only able to obtain 53 of these records as they were destroyed in hurricane Sandy and therefore he had to gain these records directly from Civil Service. (Pl.'s Br., ECF No. 94-1 at 11).

believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Iadimarco,* 190 F.3d at 166. Plaintiff explains that he received permission to be absent on the five consecutive absent dates in question, with the understanding that the calendar would be adjusted upon his return. (Pl. Dep., 20:23-25-21:1-4). Plaintiff also notes a discrepancy in the records he received from the County and Civil Service where nine African American officers with significant absences are omitted. (Pl.'s Br., ECF No. 94-1 at 10). Lastly, given the Certification of Michael Prins as proffered by Plaintiff, a reasonable jury could find that the other remaining witnesses served to appear at Plaintiff's hearing were told not to because the employer's articulated reasons for Plaintiff's termination were false. At a minimum, Plaintiff has sufficiently raised questions of fact regarding the events that allegedly led to his dismissal.

Having performed the employment discrimination burden-shifting analysis, the Court finds that Plaintiff has met his burden and summary judgment in favor of Defendants is inappropriate at this time. The fact finder will have the task to determine whether discrimination was the reason behind Plaintiff's termination.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, (ECF No. 92), is **DENIED**. An appropriate Order accompanies this Opinion.

Date: April 22, 2015

Jose L. Linares
United States District Judge

9